```
      IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                 NORTHERN DIVISION
```

BETSY PEARL SMITH, AS EXECUTRIX
OF THE ESTATE OF DESSIE R. WARREN                         PLAINTIFF
WILSON, DECEASED

v.                              CIVIL ACTION NO. 3:17-cv-403-DCB-LRA

AMERICAN ADVISORS GROUP, INC.                             DEFENDANT

ORDER AND OPINION

This cause is before the Court on plaintiff Betsy Pearl Smith, acting as executrix of the estate of Dessie R. Warren Wilson, ("Smith")'s Motion to Remand (**docket entry 7**). Having carefully considered the motion, response, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds and orders as follows:

I. Background

In 2008, Dessie Warren Wilson ("Wilson") purchased a home and two lots located at 242 Western Hills Drive in Jackson, Mississippi, ("the property") for approximately $157,000.00. See Doc. 1-1, p. 10. Wilson's great nephew, Tommy Myers ("Myers"), subsequently obtained a Special Warranty Deed conveying one lot of Wilson's Western Hills property to him. Id. at 4. Myers then secured loans against the property, which authorized him to receive $231,000.00. Id. at 7. After finding that Myers acquired Wilson's property through fraud and undue influence, the Chancery Court of

Hinds County entered a Final Judgment on July 11, 2016, declaring the Special Warranty Deed *void ab initio.* See id at 9-22.

On April 20, 2017, plaintiff Betsy Pearl Smith ("Smith"), acting as executrix of Wilson's estate, commenced the present action in the Chancery Court of Hinds County to rescind the deeds of trust executed by Myers and encumbering the Western Hills property. According to Smith, the defendant, American Advisors Group, Inc. ("AAG"), is the current holder and beneficiary seeking to enforce the deeds of trust executed by Myers, and "upon information and belief, [] Myers is in default as to the debt he owes . . . and [the defendant] has commenced, or is threatening to commence, foreclosure proceedings with intent to sell [the] property." Id. at 5. AAG removed the action to federal court on May 22, 2017, and Smith filed her motion to remand shortly thereafter on June 19, 2017.

## II. Discussion

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The defendant's removal is premised on the Court's diversity jurisdiction under 28 U.S.C. § 1332. See Doc. 1. AAG, as the removing party, bears the burden of proving that federal

jurisdiction exists and that removal is proper. <u>Manguno v. Prudential Prop. & Cas. Ins. Co</u>., 276 F.3d 720, 723 (5th Cir. 2002). When considered on a motion to remand, federal removal statutes are to be strictly construed against removal, and all ambiguities or doubts are resolved in favor of remand.

In moving to remand, Smith claims that: (1) removal was untimely, (2) the Court lacks diversity jurisdiction, and (3) the Court should abstain from hearing the case. Alternatively, she asserts that the issues presented should be certified to the Mississippi Supreme Court. The Court shall address each argument in turn.

### A. Diversity Jurisdiction

Federal courts have original diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds § 75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity of citizenship between the parties in this case is undisputed.[1] Instead, Smith maintains that the Court lacks jurisdiction because AAG has failed establish an amount in controversy exceeding $75,000. According to Smith, the lack of monetary damages, coupled with the defendant's failure to establish any claim in excess of $75,000, requires remand.

---

[1] The plaintiff is a resident of Illinois, and AAG is a California corporation. <u>See</u> Doc. 1, ¶¶ 11, 12; Doc. 1-1, p. 3.

When a complaint fails to set forth a specific amount of damages, as in the case sub judice, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). The removing defendant may satisfy this burden by either (1) showing that it is "facially apparent" from the complaint that the plaintiff's claims exceed $75,000 or (2) introducing "summary judgment-type" evidence to show that the amount in controversy requirement is met. Kirby v. Bank of America, 2010 WL 114201, at *4 (S.D. Miss. Jan. 7, 2010) (citing White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003)). Jurisdiction is judged by the amount in controversy at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

From the face of the Complaint and the exhibits attached thereto, it is facially apparent that the amount in controversy exceeds the jurisdictional minimum in this case. In cases seeking equitable relief, the amount in controversy "is measured by the value of the object of the litigation," i.e. the value of the right to be protected or the extent of the injury to be prevented. Garcia v. Koch Oil Co. of Tex., Inc., 351 F.3d 636 (5th Cir. 2003) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)); Leininger v. Leininger, 705 2d. 727, 729 (5th Cir. 1983)). "[W]here a plaintiff seeks to rescind or otherwise declare a contract to be unlawful, the amount in controversy is judged by the consequences

4

of such rescission or declaration to all litigants." Roberts v. Chandaleur Homes, Inc., 237 F. Supp. 2d 696, 698 (S.D. Miss. 2002); see also Kirby, 2010 WL 114201, at *4 (the amount in controversy in an action seeking rescission of loan note and deed of trust was "based upon the pecuniary consequences to those involved in the litigation"). The state court's Opinion and Order, which is attached and incorporated in Smith's Complaint as Exhibit A, acknowledges that the property was purchased by Wilson for $157,000.000, and that the deeds of trust executed by Myers were secured for a sum of $231,000.00. Doc. 1-1, p. 7. While the parties disagree about which value represents the "object of the litigation," an amount in controversy exceeding the jurisdictional minimum is clearly apparent regardless of whether the property value or the value of the deeds of trust is controlling. Should Smith prevail, she will keep the home free from encumbrance; if she is unsuccessful, however, she will retain ownership subject to the encumbrance. Rescission of the deeds of trust would thus allow Smith to avoid a potential pecuniary consequence exceeding $75,000.

Even assuming that the requisite amount in controversy is not facially apparent from the initial pleadings, AAG has produced records from the Hinds County Tax Assessor assigning a value of $103,920.00 to the property, along with a copy of the two deeds of trust Smith seeks to rescind, which confirm that the deeds secure

5

a sum of $231,000.00. See Docs. 12-1, 12-2, 12-3. The Court is therefore satisfied that AAG has, by a preponderance of the evidence, established an amount in controversy surpassing the jurisdictional threshold.[2] Finding that the jurisdictional requirements set forth in 18 U.S.C. § 1332(a) have been met, the Court shall deny Smith's motion to remand on this basis.

**B. Timeliness of Removal**

Smith also asserts that the defendant's removal is barred as untimely because the Notice of Removal was filed more than thirty days after AAG was served with process. Under 28 U.S.C. § 1446(b), removing defendants must file a notice of removal within thirty days after service of process upon the defendant. When computing the thirty-day removal period under § 1446(b), courts within this Circuit have applied Federal Rule of Civil Procedure 6(a), which provides the method for computing a period of time when the statute does not specify a method. See Brown v. Wilkinson Cty. Miss., 2008 WL 161007, at *1 (S.D. Miss. Jan. 15, 2008) ("Rule 6 applies to 28 U.S.C. § 1446(b)'s thirty-day requirement."); see also Howard v. CitiFinancial, Inc., 195 F. Supp. 2d 811, 819 (S.D. Miss. 2002); James v. MRC Receivables Corp., 2016 WL 3675864, at *2 (W.D. La.

---

[2] Inasmuch as Smith claims that the defendant failed to submit competent summary judgment-type evidence with its Notice of Removal, the Court observes that "the efficient procedure is to not require such 'summary judgement' proof until after the initial consideration of the face of the complaint." Allen v. R. & H. Oil & Gas Co., 63 F.3d 1326, 1336 n.16 (5th Cir. 1995) (noting that district courts may, after finding that the amount in controversy is not facially apparent, require the parties to submit summary judgment-type proof).

6

May 25, 2016). Rule 6(a)(1)(C) provides that "if the last day [of the time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

While the parties do not dispute that AAG was properly served in this matter, there appears to be some ambiguity as to when service actually occurred. In their respective briefings on the motion to remand, both Smith and AAG state that service of process was effected on April 20, 2017. See Doc. 8, p. 3; Doc. 12, p. 3. Yet, the Notice of Removal asserts that AAG was served on April 21, 2017. See Doc. 1, p. 2. Examination of the state court record reveals that process was issued to "American Advisors Group, Inc. c/o National Corporate Research, Ltd." as early as April 20, 2017, but the only completed proof of service on file indicates that service was effected on May 8, 2017. See Doc. 5, p. 32.

Nonetheless, the Court finds that removal was timely under either of these scenarios. Assuming AAG was served on April 20, 2017, the same day Smith's Complaint was filed, the thirtieth day following service would have been Saturday, May 20, 2017. Pursuant to Rule 6, the deadline for filing a notice of removal was Monday, May 22, 2017. The same holds true if AAG was served on April 21, 2017, because the thirtieth day following service would have been Sunday, May 21, 2017. And if service upon AAG was not effected until May 8, 2017, the removal deadline would have fallen on June

7, 2017, more than two weeks after the removal notice was filed. Since AAG's notice of removal was timely filed on March 22, 2017, remand based on § 1446(b) is denied.

## C. Abstention

Notwithstanding the procedural and jurisdictional propriety of removal, Smith urges the Court to abstain from exercising jurisdiction over this matter. When federal jurisdiction exists, the Court has a "virtually unflagging obligation" to hear and decide the case. Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013) (quoting Colorado River Water Conservation Dist. v. United States, 424 S. Ct. 800, 817 (1976)). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." Bank One, N.A. v. Boyd, 288 F.3d 181, 184 (5th Cir. 2002).

Although the plaintiff summarily asserts that abstention is appropriate because her case presents unsettled issues of state law, Smith fails to explain which, if any, abstention doctrine favors discretionary remand. See generally Hampton v. Tunica Cty. Bd. of Supervisors, 2009 WL 902043 (N.D. Miss. Mar. 31, 2009) (summarizing the *Pullman*, *Younger*, *Burford, Colorado River, and Rooker-Feldman* abstention doctrines). Having conducted a cursory review of recognized abstention principles, the Court is unaware of any authority which would favor abstention based on the limited facts and argument presented. Without more, the Court cannot conclude that abstention is warranted.

### D. Request for Certification

As an alternative to remand, Smith moves to certify the legal questions presented in her case to the Mississippi Supreme Court pursuant to the authority vested in Mississippi Rule of Appellate Procedure 20. Rule 20 provides in relevant part:

> When it shall appear *to the Supreme Court of the United States* or *to any United States Court of Appeals* that there may be involved in any proceeding before it questions or propositions of law of this this state which are determinative of all or part of that cause and there are no clear controlling precedents in the decisions of the Mississippi Supreme Court, the federal court may certify such questions or propositions of law of this state to the Mississippi Supreme Court for a written opinion concerning such questions or propositions of Mississippi law.

Miss. R. App. P. 20 (emphasis added). While federal appellate courts have the authority to certify unsettled questions of state law to the Mississippi Supreme Court under Rule 20, this certification authority does not extend to federal district courts. See Swindol v. Aurora Flight Sciences Corp., 805 F.3d 516, 520 (5th Cir. 2015) (noting that Miss. R. App. 20 provides the Fifth Circuit with certification authority); but see Eott Energy Pipeline Ltd. Partnership v. Hattiesburg Speedway, Inc., 303 F. Supp. 2d 819, 826 (S.D. Miss. 2004) (acknowledging that the district court had no power to certify unsettled issue of state law to the Mississippi Supreme Court); Travelers Property Cas. Co. of America v. Federated Rural Ins. Exchange, 2009 WL 2900027, at *7 n.9 (S.D. Miss. Sept. 3, 2009) (observing that "if the authority

9

existed," the Court would be tempted to certify an unsettled issue to the state supreme court). Smith's request for certification of the principle issues in this case to the Mississippi Supreme Court is therefore denied.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (docket entry 7) is DENIED.

SO ORDERED, this the 6th day of September, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE